IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEPHEN ALLEN DIAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:15-cv-571-GMB |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On January 9, 2013, Plaintiff Stephen Allen Dial applied for supplemental security income benefits under Title XVI of the Social Security Act, alleging a disability onset date of January 1, 2013 due to schizophrenia. Dial's claim was denied at the initial administrative level. Dial requested and received a hearing before an Administrative Law Judge ("ALJ"). On June 18, 2014, the ALJ held a hearing and, on September 25, 2014, denied Dial's claim. Dial requested a review of the ALJ's decision by the Appeals Council, and that request was denied on July 14, 2015. As a result, the ALJ's decision became the final decision of the Commissioner of Social Security (the "Commissioner") as of July 14, 2015.

The case is now before the court for review pursuant to 42 U.S.C. § 1383(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and Rule 73.1 of the Local Rules for the United States

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. No further action needs to be taken to continue this lawsuit pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

District Court Middle District of Alabama, the parties have consented for the undersigned United States Magistrate Judge to conduct all proceedings in this case and to enter a final judgment. Based on the court's review of the record, the parties' briefs, and the relevant case law, the court finds that the decision of the Commissioner is due to be REVERSED and REMANDED, as set forth below.

## I.  STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted). Indeed, the court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440). The court must scrutinize the entire record to determine the reasonableness of the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir.

1987). "If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision." *Jones*, 2011 WL 1706465 at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)). The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991); *Jones*, 2011 WL 1706465 at *2 (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medially acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Dial bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

3

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a) (2012). Specifically, the Commissioner must determine in sequence:

(1) Is the claimant presently unemployed?
(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation?
(5) Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III. DISCUSSION

**A. Facts**

Dial was 19 years old at the time of his hearing before the ALJ. Doc. 16-2. He graduated from high school with a regular diploma. Doc. 16-2. However, during his twelfth-grade year, he had an individualized education plan where special education services were mainstreamed into his regular classes. Doc. 16-2.

After conducting a hearing, the ALJ concluded that Dial had the severe impairment of schizophrenia but that this impairment does not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix

1 (20 C.F.R. §§ 416.920(d), 416.925 & 416.926). Doc. 16-2. The ALJ further concluded that Dial has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> The claimant is not limited with operating motorized vehicles. The claimant possesses at least the concentration, persistence and pace necessary to perform simple, routine, and repetitive work activity as well as tend to all customary work pressures with the following exceptions: The claimant cannot perform work activity that requires his response to rapid and/or frequent multiple demands. Changes in the claimant's work activity and/or work setting must be infrequent and gradually introduced. The claimant can respond appropriately to supervision as well as perform work that requires only occasional supervision. The claimant can frequently interact with coworkers, so long as interaction is casual. The claimant can occasionally interact with the public, so long as the interaction is casual.

Doc. 16-2. Consequently, the ALJ concluded that Dial was not disabled within the meaning of the Social Security Act. Doc. 16-2.

**B.   Issue Presented**

Dial presents a single issue for the court's review: "Whether the ALJ erred as a matter of law in not finding that the Claimant's schizophrenia disorder was medically equivalent to Listing 12.03C." Doc. 14 at 10.

**C.   Analysis**

A claimant bears the initial burden of demonstrating his total inability to work. *Thomas v. Astrue*, 2009 WL 3620655, at *2 (S.D. Ala. Oct. 28, 2009) (citing *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987)). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability (that is, the testimony of the claimant and his family and friends);

and (4) the claimant's age, education, and work history. *See Tienber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). "The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review." *Harris v. Colvin*, 2014 WL 644013, at *2 (M.D. Ala. Feb. 19, 2014) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735–36 (11th Cir. 1981)). "The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments." *Id.*

The ALJ concluded that Dial's impairments did not meet or medically equal the severity of Listings 12.02 (organic mental disorders) and 12.03 (schizophrenic, paranoid and other psychotic disorders), which would encompass Dial's "schizophrenia and academic difficulties." Doc. 16-2; *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 12.02 & 12.03. On appeal, Dial challenges only the ALJ's failure to find that his schizophrenia was medically equivalent to Listing 12.03C. Doc. 14. As a result, that issue is the only issue addressed by the court in this opinion. *See, e.g., Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 885 (11th Cir. 2011) (concluding in a social security case that issues not raised before the district court are waived) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).

Listing 12.03C provides, in pertinent part, that a claimant is disabled if he meets the following criteria:

> 12.03 *Schizophrenia, Paranoid and Other Psychotic Disorders:* Characterized by the onset of psychotic features with deterioration from a previous level of function.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>                              * * *

6

    C.  Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

    1.  Repeated episodes of decompensation, each of extended duration; or

    2.  A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

    3.  Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.03C.  Although the ALJ determined that Dial had the severe impairment of schizophrenia, this court concludes that the ALJ did not adequately consider whether Dial's schizophrenia met or medically equaled Listing 12.03C.

    When addressing whether Dial's schizophrenia met Listing 12.03, the ALJ first considered whether the paragraph B criteria were satisfied. Doc. 16-2.  To satisfy the paragraph B criteria, a mental impairment must result in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.03B.  The ALJ concluded that Dial's schizophrenia did not meet the paragraph B criteria for Listing 12.03, and in so doing the ALJ articulated specific reasons for reaching this conclusion, including a discussion of the

medical and other objective evidence, as well as testimony from Dial and his mother. Doc. 16-2 at 16–17.

The same cannot be said, however, with respect to the ALJ's discussion of the paragraph C criteria for Listing 12.03. While the ALJ's opinion states that he considered whether the paragraph C criteria were satisfied, he ultimately found they were not, explaining that

> the medical evidence of record fails to document a history of a . . . chronic schizophrenic, paranoid, or other psychotic disorder of at least two years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following: (1) repeated episodes of decompensation, each of extended duration; or (2) a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or (3) a current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such arrangement.

Doc. 16-2 at 17. This explanation, however, is simply a recitation of the paragraph C criteria. The court may infer from the ALJ's discussion of the paragraph B criteria that he concluded that subpart 1 (repeated episodes of decompensation) of the paragraph C criteria had not been met. But as to subparts 2 and 3 the ALJ articulates no specific reasons for finding that Dial's schizophrenia did not meet this portion of the criteria, nor is there a discussion of the evidence on which the ALJ relied in reaching this conclusion. Doc. 16-2.

"It is the responsibility of the ALJ to conduct the appropriate legal analysis, and his written decision must include sufficient reasoning to permit the court to determine that he has done so." *Harris*, 2014 WL 644013 at *4. Here, the ALJ's decision does not

include sufficient reasoning to permit the court to determine that he fully and adequately considered whether Dial's schizophrenia met the paragraph C criteria of Listing 12.03, or that substantial evidence supports his decision in this regard. "Failure to apply correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). Accordingly, for the reasons stated herein, the court concludes that the ALJ failed to provide a sufficient basis for this court to determine whether he followed the correct legal principles at step three of the sequential analysis, and this case is due to be remanded as a result.[2]

## IV. CONCLUSION

It is ORDERED that the decision of the Commissioner is REVERSED and REMANDED for the Commissioner to conduct further proceedings consistent with this opinion, to include considering whether Dial's schizophrenia meets or medically equals Listing 12.03C.

A final judgment will be entered separately.

DONE this 2nd day of February, 2017.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE

---

[2] The court will not decide on the present record whether Dial's schizophrenia meets or medically equals Listing 12.03 because it is within the province of the Commissioner to determine whether Dial's impairment rises to the level that renders him disabled. *See Harris*, 2014 WL 644013 at *5.